Serial: **262909**

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 89-R-99010-SCT

*RE: RULES OF DISCIPLINE FOR THE MISSISSIPPI BAR*

**FILED**

JUN 1 0 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## EN BANC ORDER

Before the Court is the Amended Petition to Amend Certain Rules of the Rules of Discipline for the Mississippi State Bar. After due consideration, the Court finds the petition should be granted as set forth in Exhibit A.

IT IS, THEREFORE, ORDERED that the Amended Petition to Amend Certain Rules of the Rules of Discipline is hereby granted as set forth in Exhibit A. The amendments are effective on July 1, 2026. The petition is hereby closed.

IT IS, FURTHER, ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forward a true and certified copy hereof to West Publishing Company for publication in the next edition of the Mississippi Rules of Court and in the *Southern Reporter, Third Series, (Mississippi Edition)*.

SO ORDERED, this the 10th day of June, 2026.

LESLIE D. KING, PRESIDING JUSTICE

ALL JUSTICES AGREE TO GRANT.

# EXHIBIT A

## RULES OF DISCIPLINE FOR THE
## MISSISSIPPI STATE BAR
### Effective January 1, 1984

## PART ONE. RULES OF DISCIPLINE

## GROUNDS FOR DISCIPLINE

The license to practice law in this state is a continuing proclamation by the Supreme Court of Mississippi (the Court) that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and as an officer of the Court. It is the duty of every recipient of that privilege to engage in conduct, both professionally and personally, in conformity with the standards imposed upon members of The Mississippi Bar (the Bar) as a condition for the privilege of practicing law. Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Attorney's Oath of Office or the Mississippi Rules of Professional Conduct (MRPC) as now set forth or as hereafter amended, shall constitute misconduct and shall be grounds for discipline, whether or not the acts or omissions occurred in the course of an attorney-client relationship.

## RULE 1. JURISDICTION.

(a)     The Court has exclusive and inherent jurisdiction of matters and proceedings pertaining to attorney discipline, reinstatement, and determination of the personal capacity of a lawyer to practice law in the State of Mississippi. All such proceedings shall be conducted in accordance with these rules. The Court shall be the ultimate judge of matters arising under these rules, and from time to time the Court shall review these rules and amend them when necessary or desirable.

(b)     Nothing contained in these rules shall be construed to deny to any other court such powers as may be necessary for that court to maintain control over practice and proceedings conducted before it, such as the power of contempt.

(c)     Actions by other courts are cumulative and in addition to the disciplinary jurisdiction of the Court and its disciplinary agencies as defined by Rule 3. Actions by other courts shall not be binding or conclusive as to the Court, and any action taken by them shall be reported to the Bar, and when required by rule or by statute, to the Court.

(d)     Nothing herein shall be construed to affect or limit the Court's power to regulate admission to the practice of law in the State of Mississippi.

(e)     Nothing in these Rules shall be construed to affect or limit the Court's power to regulate the activities or conduct of judges in the State of Mississippi. Complaints or grievances against judges shall be filed with the Commission on Judicial Performance.

## Procedure

(1.1) The jurisdiction of the Court shall extend to any resident or non-resident attorney duly licensed or admitted pro hac vice in the State of Mississippi. The jurisdiction of the Court shall also extend to attorneys not licensed or admitted pro hac vice in the State of Mississippi if the attorney advertises or provides or offers to provide any legal services to be performed in this jurisdiction.

(a) A permanent registry of attorneys licensed to practice law in the State of Mississippi shall be established and maintained by the Bar and shall contain, at a minimum, the following information:

(i)     Full name and all names under which the attorney has been admitted or practiced;

(ii)     Date of birth and date of death if applicable;

(iii)     Current law office address, telephone number, and e-mail address;

(iv)     Current residence address;

(v)     Date of admission in the State of Mississippi;

(vi)     Date of transfer to or from inactive status or disability inactive status;

(vii)     Other jurisdictions in which the attorney is admitted to practice and date of admission;

(viii)     Nature, date, and place of any discipline imposed and any reinstatements in the State of Mississippi or any other jurisdiction.

(b) The permanent registry of attorneys licensed to practice law in the State of Mississippi shall be updated by the Bar at least annually.

(c) Each attorney shall keep the attorney's registration information current and shall notify the Bar in writing within thirty (30) days of any change. When an attorney has disappeared or is deceased or disabled, the attorney's relatives and the local bar are encouraged to report that fact to the Bar in writing; law partners or associates in the firm, corporation, or agency in which the attorney was employed must report that fact to the Bar in writing.

(d) The address listed in the registry is the attorney's legal address for purposes of service of process and any other notices under these Rules.

(e) It is the duty of the Bar to ensure the information in the permanent registry is kept confidential, other than name, whether the attorney is on active status, work address, and date of admission; unless the attorney has otherwise agreed.

(1.2) Nothing in this Rule shall be construed to limit in any manner the application of any Rule of the Mississippi Rules of Professional Conduct as adopted by the Court.

(1.3) Any nonresident attorney licensed or admitted pro hac vice to practice law in the State of Mississippi and any attorney not licensed or admitted pro hac vice in the State of Mississippi who advertises or provides or offers to provide legal services to be performed in this jurisdiction shall be deemed to have appointed the Executive Director of the Bar as the attorney's agent for service of process or any notice required by these Rules.

## RULE 2. POWER AND ENFORCEMENT

(a) Each of the disciplinary agencies is hereby given such jurisdiction and lawful powers as are necessary to conduct a proper and speedy disposition of any grievance or complaint.

(b) Each party to a grievance or complaint shall have the power to summons and examine witnesses under oath and to compel their attendance, or take or cause to be taken the deposition of witnesses, and to order the production of books, papers, records, and other documentary evidence necessary or material to the investigation, grievance, or complaint. All summonses or subpoenas shall be issued by the Clerk of the Court, and it shall be the duty of any person so summoned to appear and testify as in the writ commanded and to produce the books, papers, records, or other documentary evidence required. Summonses and subpoenas issued by the Clerk of the Court shall be served according to the Mississippi Rules of Civil Procedure.

(c) Any defiance of any summons or subpoenas so issued, or other extrajudicial conduct which shall inhibit, impede, or disrupt any of the above disciplinary agencies as designated in these Rules in the performance of the duties and in the exercise of the powers herein given shall be treated as contempt of Court and punishable accordingly.

## Procedure

(2.1) The Clerk of the Court shall file all pleadings and issue all process. Costs shall be paid by the party or person requesting the issuance.

## RULE 3. DISCIPLINARY AGENCIES DESIGNATED

For purposes of administering the Court's disciplinary jurisdiction, the following entities are hereby established and designated as agencies of the Court.

(a) The Board of Commissioners of the Bar.

(b) The Office of General Counsel.

(c) The Executive Director of the Bar.

(d) The Committee on Professional Responsibility.

(e) The Complaint Tribunal and Panels appointed by the Court.

(f) Receivers designated by a Complaint Tribunal or the chancery court.

(g) Other attorneys who may from time to time be requested in writing by the President of the Bar, the Board of Commissioners of the Bar, or by the Court to assist with an investigation or prosecution.

## Procedure

(3.1) When acting in the course of their disciplinary duties, each of the disciplinary agencies shall be considered a special master of the Court.

(3.2) The agencies shall be composed of active practicing attorneys or judges of the Circuit, Chancery, or County Courts who are members of the Bar of the State of Mississippi and shall further be constituted as follows:

(a) *Board of Commissioners of the Bar.* The Board of Commissioners of the Bar (the Board) is provided for by Section 73-3-107, Mississippi Code of 1972. The Board shall have the authority to employ and compensate competent persons to serve as General Counsel, counsel, and non-lawyer staff who shall serve at the pleasure of the Board, either in full-time or part-time capacities, as the Board may from time to time deem necessary or advisable to effect the disciplinary procedures set forth herein.

(b) *The Office of General Counsel.* The Office of General Counsel shall investigate grievances, prosecute complaints, and discharge other duties assigned by the Board and the Committee on Professional Responsibility.

(c) *Committee on Professional Responsibility.* The Committee on Professional Responsibility shall be composed of six (6) members appointed by the President of the Bar for terms of three (3) years except the terms of the initial members shall be staggered in one and two-year terms and shall consist of two members from each of the Supreme Court Districts. The Chairman of the Committee on Professional Responsibility shall be designated by the President of the Bar for a one (1) year term.

(d) *Panels.* The Court shall appoint a panel of judges and attorneys from each Supreme Court District, and from those panels Complaint Tribunals shall be designated and constituted as the need arises. The panel members shall be in such numbers as the Court may deem appropriate. The term of office of all panel members shall be three (3) years, except the terms of the initial members shall be staggered in one, two and three-year terms. No panel member shall serve more than two consecutive

three-year terms. Appointments may be terminated by the Court.

(e) *Complaint Tribunal.* Complaint Tribunal members shall be selected from the panels as provided herein above. Each Complaint Tribunal shall consist of two attorneys and one judge, and the judge member shall serve as the presiding judge of the Complaint Tribunal. Whenever a Complaint Tribunal member is unable to serve or a hearing will be unduly delayed because of the unavailability of a Complaint Tribunal member, the presiding judge may select from the remaining panel members an attorney to serve in the place of the attorney appointed by the court.

If the presiding judge or other member of the Complaint Tribunal is unable to serve or the hearing shall be unduly delayed, the Chief Justice of the Court may appoint a new presiding judge from the judges or members on the appropriate panel. The Complaint Tribunal designated to hear and determine a case shall conclude the matter, the termination of a term of office of one or more of its members notwithstanding. All members of a Complaint Tribunal shall reside in a Chancery and Circuit District different from that within which the subject attorney resides. Complaint Tribunal members shall be selected on a rotating basis from the panels as provided herein above.

(f) *Other Attorneys.* The assistance of other attorneys shall be requested and utilized on a case-by-case basis, and they shall be deemed to act for the Court only when their assistance has been requested in writing by the President or the Board.

## RULE 4. INITIATION AND FILING OF GRIEVANCES

(a) Any matter touching on the ethical misconduct of an attorney licensed by the State of Mississippi or any attorney who renders or has rendered legal services in the State of Mississippi shall be called to the attention of the Office of General Counsel in writing. Attorneys licensed in the State of Mississippi may fulfill their 8.3, MRPC, obligation to report the professional misconduct of another attorney by filing a grievance or by submitting a report in writing to the Office of General Counsel.

7

(b) All attorneys, courts, and their officers shall have the affirmative duty to notify the Office of General Counsel of conduct of any attorney evincing unfitness for the practice of law or unprofessional or unethical conduct and any action taken by the Court.

(c) The Committee on Professional Responsibility shall not consider a grievance until it has been reduced to writing. Grievances must be submitted on an original form provided by the Bar.

(d) No grievance shall be considered by the Committee on Professional Responsibility unless received, discovered, or otherwise brought to their attention within three (3) years after the date of discovery of the facts upon which the grievance is based. Allegation of violations of Rules 1.15, 8.1 and 8.4 (b) through (f) of the Rules of Professional Conduct shall not be covered by this limitation.

## Procedure

(4.1) The Office of General Counsel shall keep a docket of all written grievances. A docketed grievance shall not be considered a grievance or charge touching the attorney's conduct until the grievance has been considered and a decision rendered by the Committee on Professional Responsibility finding that the imposition of discipline is warranted. Until the Committee on Professional Responsibility renders a decision imposing discipline or directs that a complaint be filed, the attorney may state that no complaint, grievance or charge has been filed against the subject attorney. Grievances at any stage may be reported for statistical purposes.

(4.2) Written grievances shall contain at a minimum:

> (a) The name, mailing address, and phone number of the grievant; and
>
> (b) The name and address of the subject attorney; and
>
> (c) A statement of the facts of the grievance; and
>
> (d) A list of witnesses, with addresses and phone numbers, if known; and
>
> (e) Copies of any statement by the witnesses and documents in support of the statement of facts of the grievance.

8

(4.3) If a written grievance is found to be deficient, the Office of General Counsel may return it to the grievant with a statement of the deficiency. All such grievances shall be reported to the Committee on Professional Responsibility if the deficiency has not been cured within forty-five (45) days of the date on which the same was returned to the grievant. The Committee on Professional Responsibility thereafter may act upon those matters as provided in Rule 7 of these Rules.

## RULE 5. INVESTIGATION OF GRIEVANCES

The Office of General Counsel shall conduct any investigation of grievances fairly and impartially and shall seek to elicit any and all facts which might be exculpatory or incriminatory of the subject attorney. All proceedings shall be expeditiously conducted to the end that no grievant be deprived of his or her right to a timely, fair and proper investigation of a grievance and that no attorney be subjected to unfair and unjust charges.

### Procedure

(5.1) **General.** The Office of General Counsel shall require a grievance to be in writing or may file a grievance on information and belief. The Office of General Counsel shall investigate, if necessary, and report to the Committee on Professional Responsibility regarding all written grievances.

(5.2) **Investigations and Investigatory Hearings.** The Office of General Counsel shall investigate and report to the Committee on Professional Responsibility within sixty (60) days from receipt of the written complaint. The Chair of the Committee on Professional Responsibility may enlarge the time for completion of an investigation and submission of the Office of General Counsel's report. Upon receipt of a written grievance or information indicating probable cause, the Office of General Counsel may conduct a preliminary investigation, either with or without notice to the subject attorney, as in the Office of General Counsel's discretion appears appropriate. In the Office of General Counsel's discretion, the grievance and evidence may be mailed to the attorney for response prior to submission of the report to the Committee on Professional Responsibility. A response by the attorney to the grievance shall be tendered to the Office of General Counsel within fifteen (15) days of the mailing of the grievance unless the time is extended by the Office of General Counsel. An investigatory hearing in the discretion of the Office of General Counsel or by discretion of the Committee on Professional

Responsibility may be conducted prior to the submission of the Office of General Counsel's report to the Committee on Professional Responsibility.

(5.3) **Grievants.** The person signing the grievance is not a party to the proceedings and has no authority to subsequently withdraw the grievance. The Office of General Counsel does not represent the grievant. The failure or refusal of the grievant or any witness to cooperate during the investigation shall not be cause for dismissal of the grievance or termination of the investigation. Persons signing grievances or witnesses may be represented by counsel or may proceed as counsel for themselves during any investigation.

(5.4) **The Subject Attorney.** The attorney who is the subject of the filed grievance is a party to the proceedings, and after written notice of the grievance has been given to the subject attorney by the Office of General Counsel, the subject attorney and/or counsel for the subject attorney shall have the right to appear at any investigatory hearing for the purpose of examining or cross-examining all witnesses and for presenting witnesses and evidence on behalf of the attorney. The subject attorney shall appear at an investigatory hearing and give testimony when written demand is made by the Office of General Counsel. The failure or refusal of the attorney to cooperate at an investigatory hearing shall not be cause for dismissal of the grievance or termination of the investigatory hearing or investigation. The failure of the subject attorney to appear, after proper notice, waives the attorney's right to cross-examine witnesses, present evidence, or present witnesses at the investigatory hearing.

(5.5) **Process During Investigations.** Subpoenas during investigations by either party to a grievance must be issued by the Clerk of the Court and shall comply with the Mississippi Rules of Civil Procedure. Upon completion of the investigation, a copy of the written report, if any, the grievance, and all evidence shall be mailed to the subject attorney. A response by the subject attorney to the report may be tendered to the Office of General Counsel within fifteen (15) days of the mailing of the report. The Office of General Counsel shall forward the subject attorney's response to the Committee on Professional Responsibility.

10

## RULE 6. SUSPENSIONS AND DISBARMENTS BASED ON OTHER PROCEEDINGS

(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26 (1972, as amended), or any similar provision in state or federal law of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the proof of the finding of guilt, or judgment of conviction, tender of a plea of guilty or plea of nolo contendere, or order accepting or acknowledging the offer or tender of a guilty plea, or any similar provision in state or federal law shall be presented to the Court by the Office of General Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order the attorney's immediate suspension from the practice of law.

(b) Upon reversal of the conviction or judgment that has resulted in the automatic suspension, the attorney may seek reinstatement pursuant to Rule 13. For purposes of these Rules, executive clemency or pardon shall not constitute reversal of the conviction and shall not bar or terminate disciplinary proceedings predicated upon such conviction or judgment. Dismissal of charges pursuant to the provisions of Miss. Code Ann. § 99-15-26 (1972, as amended), or any similar state or federal statute shall have no effect upon disciplinary proceedings or sanctions predicated upon an entry, offer, or tender of a plea of guilty or nolo contendere.

(c) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall have entered against the attorney in any court of any state or in any federal court a civil judgment in accordance with Miss. Code Ann. § 11-49-3 (1972, as amended), or any other civil judgment based upon clear and convincing evidence of fraud, misrepresentation, dishonesty, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment, upon becoming final, shall be presented to the Court by the Office of General Counsel and shall constitute sufficient, clear and convincing evidence of the facts necessary to support such judgment, and, unless successfully rebutted, the Court shall forthwith strike the name of the attorney from the registry of attorneys licensed to practice law in the State of Mississippi and order the attorney's immediate suspension from the practice of law. This section shall not apply to Internal Revenue Code, Federal Communications Commission, Securities and Exchange Commission, Federal Trade Commission, and/or similar Federal Agency violations involving civil judgments and/or civil penalties, but nothing herein contained shall prohibit disciplinary prosecution for felony convictions based upon such violations.

(d) When the time for appeal from a judgment or conviction provided above expires or all appeals have been concluded without reversal, the Office of General Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.

(e) Upon conviction of manslaughter, the Office of General Counsel shall immediately commence an investigation and where warranted shall, upon directive of the Committee on Professional Responsibility, present the matter to the Court for its consideration as herein set forth.

(f) The judge of any court within this state shall have the affirmative duty to cause a certified copy of proof of the finding of guilt, a judgment of conviction, tender of a guilty plea or plea of nolo contendere, or order accepting or acknowledging the offer or tender of a plea pursuant to Miss. Code Ann. § 99-15-26 (1972, as amended), or any similar provision of a state or federal law to be transmitted to the Office of General Counsel within ten (10) days after the finding of guilt, tender of plea of guilty or plea of nolo contendere, or entry of the order accepting or acknowledging the offer or tender of the plea or agreement.

## Procedure

(6.1) A complaint, with a certified copy of the finding of guilt, or judgment of conviction, or tender of plea of guilty or plea of nolo contendere or order accepting or acknowledging the entry, offer, or tender of a plea pursuant to Miss. Code Ann. § 99-15-26 (1972, as amended), or any similar provision of state or federal law attached, and a motion for immediate suspension pending conclusion of the criminal proceedings, including appeals, shall be filed with the Court, upon which the attorney shall be automatically suspended subject to the right of such attorney to move for reconsideration upon a showing that the finding of guilt, judgment, or conviction has been reversed or a new trial is granted.

(6.2) Upon a showing that the criminal proceedings have finally concluded, the time for all appeals has expired, or that all appeals have been concluded without reversal, the attorney shall be automatically disbarred.

(6.3) In a proceeding based upon a civil judgment, the Office of General Counsel shall file a complaint, with a certified copy of the judgment attached, which shall constitute a prima facie case.

(6.4) All proceedings brought pursuant to Rule 6 of these Rules shall in all respects be matters of public record, Rule 16 of these Rules notwithstanding.

# RULE 7. COMMITTEE ON PROFESSIONAL RESPONSIBILITY DUTIES AND POWERS

(a) The Committee on Professional Responsibility shall function as a grand jury in matters of attorney discipline.

(b) Upon receipt of a grievance, the Office of General Counsel's report, and any response by the attorney, the Committee shall:

(i) Dismiss the grievance as being without merit; or

(ii) Direct or conduct further investigation if needed; or

(iii) Refer the matter to the Office of General Counsel for filing and prosecution of a complaint; or

(iv) If investigation discloses a minor ethical violation or instance of relatively trivial misconduct or an isolated instance of a minor nature, then the Committee shall be authorized to issue an informal admonition or a private reprimand.

(v) Issue a public reprimand.

(vi) In its discretion, and in addition to any action taken by the Committee on Professional Responsibility under Rule 7(b)(ii),(iii), (iv), or (v) of these Rules, and notwithstanding the provisions of Rule 16 of these rules, the Committee on Professional Responsibility may delay final action and refer the attorney to the Lawyers and Judges Assistance Program for, as recommended by the Lawyers and Judges Assistance Program, evaluation, treatment, monitoring, and assistance.

(c) If issued, an informal admonition, a private reprimand, or a public reprimand shall be sent to the subject attorney, and a copy shall be sent to the grievant. The subject attorney shall have a right within thirty (30) days after receipt of the informal admonition, private reprimand, or public reprimand to request in writing that a formal disciplinary proceeding be initiated against the attorney to adjudicate the propriety of the conduct upon which the informal admonition, private reprimand, or public reprimand is based. If such request is timely made, the informal admonition, private reprimand, or public reprimand shall be vacated, and the matter shall be processed by means of a complaint. An informal admonition shall not be used as a substitute for and shall not be considered discipline. However, the fact,

nature, and cause of such an informal admonition may be disclosed in any subsequent disciplinary proceedings against the subject attorney.

(d) When a public reprimand becomes final, the Committee on Professional Responsibility shall either:

(i) Direct the attorney to appear before the circuit court of the attorney's county of residence or county of practice, as specified by the Committee on Professional Responsibility, on the first day of a term convening next after the date the public reprimand becomes final or on some other similar day when a maximum number of the Bar and public are present and shall be read by the senior judge or the senior judge's designee at the time therein indicated and placed upon the minutes of the court. A Certificate of Compliance with the Public Reprimand shall be returned to the Bar by the subject attorney.

(ii) In its discretion, serve a written reprimand upon the attorney by certified mail.

Upon public appearance or service by mail under this Rule, a copy shall be given to the person filing the grievance, the Executive Director of the Bar, and to the judges of the circuit and chancery districts of the attorney's county of residence. A public reprimand imposed by the Committee on Professional Responsibility shall be published in the Mississippi Bar Journal.

(e) Referral to the Lawyers and Judges Assistance Program may not be used as a substitute for, and may not be considered, discipline. However, notwithstanding the provisions of Rule 16(b) of these Rules, the Committee on Professional Responsibility, in its discretion, may delay any action under Rule 7(b)(ii), (iii), (iv), or (v) of these Rules provided that an attorney who is referred to the Lawyers and Judges Assistance Program by the Committee on Professional Responsibility complies with all terms and conditions imposed upon the attorney by the Lawyers and Judges Assistance Program. If the attorney violates the terms and conditions imposed by the Lawyers and Judges Assistance Program upon such attorney, the Lawyers and Judges Assistance Program shall report such failure to comply with all terms and conditions imposed upon the attorney by the Lawyers and Judges Assistance Program, and upon receipt of such report, the Committee on Professional Responsibility shall take such action under Rule 7(b) of these Rules which the Committee on Professional Responsibility delayed but originally could have taken. In any notification to the grievant of the action or actions taken by the Committee on Professional Responsibility, the Committee, in its discretion, may not include notice of the Committee's referral of the attorney to the Lawyers and Judges Assistance Program.

## Procedure

(7.1) **Dismissals.** Any grievance dismissed pursuant to Rule 7(b)(i) of these Rules shall be deemed expunged and not considered a charge touching upon the conduct of the attorney. Upon dismissal, the grievant, the subject attorney, and the Office of General Counsel shall be given written notice.

(7.2) **Referrals for Additional Investigation.** Upon receipt of the Office of General Counsel's report and any response by the subject attorney, the Committee on Professional Responsibility may refer the matter for additional investigation and report with such instructions as may appear appropriate. The Committee shall periodically fix the costs and expenses incurred as of that date; provided, that no cost shall actually be assessed unless discipline is finally imposed. Upon referral for additional investigation and report, the Office of General Counsel shall have not more than sixty (60) days from and after the date of receipt of the referral directive to conclude the additional investigation and report back to the Committee. The Chair of the Committee on Professional Responsibility may enlarge the time for completion of additional investigation and submission of the report. A copy of the Office of General Counsel's report and all evidence shall be mailed to the subject attorney who shall have fifteen (15) days to respond, unless such time is enlarged by the Chair of the Committee on Professional Responsibility. The Office of General Counsel's report and the attorney's response shall be forwarded to the Committee on Professional Responsibility which shall act upon the matter.

(7.3) **Complaints.** If, after conclusion of the investigation, the Committee on Professional Responsibility is of the opinion that probable cause exists to believe the subject attorney has engaged in conduct warranting discipline other than that outlined in Rule 7(b) of these Rules, the matter shall be referred to the Office of General Counsel for filing of a complaint for trial before a Complaint Tribunal. The Office of General Counsel shall file the complaint with the Clerk of the Court. Each complaint filed by the Office of General Counsel shall be styled as "In Re Discipline of" followed by the attorney's name.

## RULE 8. COMPLAINT TRIBUNAL - POWERS AND DUTIES

(a) All complaints shall be filed with the Clerk of the Court and the Court shall designate a Complaint Tribunal to hear and determine the matter. Hearings before Complaint Tribunals shall be as cases in chancery.

(b) At the conclusion of the hearing, upon majority vote, the Complaint Tribunal shall render a written opinion incorporating a finding of fact and a judgment which may:

(i) Exonerate the attorney and dismiss the complaint; or

(ii) Publicly or privately reprimand the attorney; or

(iii) Suspend the attorney with or without probation for a fixed period of time and may specify conditions precedent to reinstatement; or

(iv) Disbar the attorney; or

(v) In addition to any disposition authorized under this paragraph, notwithstanding the provisions of Rule 16 of these Rules, refer the attorney to the Lawyers and Judges Assistance Program for, as recommended by the Lawyers and Judges Assistance Program, referral for evaluation, treatment, monitoring, and assistance.

(c) The Complaint Tribunal shall have the power to enjoin violations under the Mississippi Rules of Professional Conduct.

(d) The Complaint Tribunal shall have the same contempt authority as chancery courts. *See* Miss. Code Ann. § 9-5-87 (1972, as amended).

## Procedure

**(8.1)** Within thirty (30) days following the designation of a Complaint Tribunal, the presiding judge shall establish a tentative schedule for discovery, motion hearings and rulings, trial and adjudication, all of which shall be completed within one hundred and eighty (180) days from the date of the designation of the Complaint Tribunal, unless extended by the Complaint Tribunal on motion of either party for good cause shown.

**(8.2)** All complaints shall be prosecuted by the Office of General Counsel unless the President of the Bar or Board shall appoint another attorney or attorneys to assist or proceed in the place of the Office of General Counsel.

**(8.3)** The complaint shall be served in accordance with the applicable Mississippi Rules of Civil Procedure.

**(8.4)** Unless an enlargement of time be granted by the presiding judge of the Complaint Tribunal, the attorney's answer shall be filed within thirty (30) days after a copy of the complaint is served.

**(8.5)** Trials shall be held in a courtroom of the Supreme Court of Mississippi at Jackson, Mississippi, or upon motion made by either party and order by the Complaint Tribunal, trial may be held elsewhere. The presiding judge shall hear and determine all pre-trial motions and all non-dispositive motions and enter all appropriate orders. The Complaint Tribunal may hold such pre-trial conferences as deemed appropriate. Trial upon the merits shall be held before the full Complaint Tribunal and shall be held as expeditiously as possible consistent with due process.

**(8.6)** No discipline shall be imposed except upon clear and convincing evidence. After final hearing on the merits, the opinion of the Complaint Tribunal may:

(i) Exonerate the attorney and dismiss the complaint.

(ii) Publicly or privately reprimand the attorney. If the Complaint Tribunal is of the opinion that a private reprimand will adequately afford the disciplinary sanctions required by the particular circumstances, the Complaint Tribunal, after the private reprimand becomes final, shall cause it to be forwarded to the attorney, to the Office of General Counsel, and to the person filing the grievance by the Clerk of Court.

If the Complaint Tribunal is of the opinion that a public reprimand will adequately afford the disciplinary sanctions required by the particular circumstances, the Complaint Tribunal shall either:

(a) order the attorney to appear before the circuit court of the attorney's county of residence or county of practice, as specified by the Complaint Tribunal, on the first day of a term convening next after the date the public reprimand becomes final or on some other similar day when a maximum number of the Bar and the public are present. As part of its decision, the Complaint Tribunal shall draft the statement of public reprimand to be read by the circuit court judge. A final public reprimand shall be read by the senior judge or the senior judge's designee at the time therein indicated and placed upon the minutes of the court. A Certificate of Compliance with the Public Reprimand shall be returned to the Bar by the subject attorney.

(b) in its discretion, serve a written reprimand upon the attorney by certified mail.

17

When a reprimand becomes public, a copy shall be given to the person filing the grievance, the Executive Director of the Bar, and to the judges of the circuit and chancery districts of the attorney's county of residence. A public reprimand imposed by the Complaint Tribunal shall be published in the Mississippi Bar Journal.

(iii) Suspend the attorney with or without probation for a fixed period of time, and may specify conditions precedent to reinstatement. When such orders of suspension become public, they shall be placed upon the minutes of the chancery and circuit courts of the attorney's county of residence, and shall immediately become matters of public record.

(iv) Disbar the attorney. Such orders, when entered, shall be treated as provided in Rule 8.6(iii) of these Rules.

(v) In addition to Rule 8.6(ii), (iii), or (iv) of these Rules, notwithstanding the provisions of Rule 16 of these Rules, with the assent and accord of the attorney who is the subject of the complaint, refer the attorney to the Lawyers and Judges Assistance Program for, as recommended by the Lawyers and Judges Assistance Program, referral for evaluation, treatment, monitoring and assistance. The Complaint Tribunal may delay action under Rule 8.6(ii), (iii) or (iv) of these Rules provided that an attorney who is referred to the Lawyers and Judges Assistance Program by the Complaint Tribunal complies with the terms and conditions imposed upon the attorney by the Lawyers and Judges Assistance Program. If the attorney violates the terms and conditions imposed by the Lawyers and Judges Assistance Program upon the attorney, the Lawyers and Judges Assistance Program shall report such failure to comply with all terms and conditions imposed upon the attorney by the Lawyers and Judges Assistance Program, and upon receipt of such report, the Complaint Tribunal may take such action under Rule 8(b) of these Rules which the Complaint Tribunal delayed but originally could have taken.

**(8.7) Interim Suspension for Threat of Harm.** In a matter before the Complaint Tribunal, upon receipt of sufficient evidence demonstrating that:

(a) the attorney has committed a violation of the MRCP; or

(b) the attorney is under a disability as herein defined; and

(c) the attorney's continued practice of law poses a threat of serious harm to the public;

The Office of General Counsel shall file a motion for interim suspension and notice it for hearing before the full Complaint Tribunal. After

18

hearing on the motion, the Complaint Tribunal may enter an order immediately suspending the attorney pending final disposition of the underlying disciplinary proceeding predicated upon the conduct causing the harm, or may order such other action as it deems appropriate. If the Complaint Tribunal imposes an interim suspension upon the attorney pending final disposition of the underlying disciplinary proceeding, the underlying disciplinary proceeding shall be expedited. The interim suspension shall be a matter of public record. The suspended attorney shall comply with the requirements of Rule 12 of these Rules.

## RULE 9. APPEALS

(a) Either the Bar or the attorney may, as a matter of right, appeal any final disposition of the Complaint Tribunal to the Court.

(b) Where the Complaint Tribunal's final disposition is made upon a nolo contendere plea, an admission, or an irrevocable resignation, the extent or absence of discipline shall be the sole question presented by an appeal.

### Procedure

(9.1) Either the Bar or the attorney may appeal a final disposition of the Complaint Tribunal. The Board shall determine whether the Office of General Counsel shall take an appeal on behalf of the Bar. The Board may direct the Office of General Counsel to perfect an appeal when the Board believes that the Complaint Tribunal's findings and decisions are arbitrary and capricious, not supported by substantial evidence, manifestly wrong, or in error as to a matter of law.

(9.2) Any notice of appeal shall be filed and served on all opposing counsel within thirty (30) days of the date on which the Complaint Tribunal's judgment was filed with the Clerk of the Court and by paying within that time all sums assessed as costs and expenses by the Complaint Tribunal. Failure to give notice within that time or failure to pay the costs and expenses assessed, or failure to pay any costs due the Clerk of Court, shall be grounds for dismissal, notice and payment within the time provided being jurisdictional for any appeal. Otherwise, appeals shall be taken pursuant to the Mississippi Rules of Appellate Procedure.

**(9.3)** No private or public reprimand shall become effective within the thirty (30) days provided for taking an appeal or until the Court has disposed of any appeal. An appeal duly perfected, as provided above, from a judgment of the Complaint Tribunal imposing discipline of suspension for not more than six (6) months shall operate as supersedeas and the attorney shall be permitted to continue the practice of law until such time as the Court disposes of the appeal. In appeals from judgments imposing discipline of six (6) months or more and those imposing disbarment, supersedeas shall be within the sound discretion of the Complaint Tribunal, subject to review by the Court, upon application of the attorney made within thirty (30) days of the entry of the judgment. In ruling upon such application, the Complaint Tribunal shall state the reasons for its action. A motion for a stay of the judgment or the vacating of a stay granted by the Complaint Tribunal may be made to the Court pursuant to Rule 8(c), Mississippi Rules of Appellate Procedure.

Any stay may be conditioned upon giving bond as may be found appropriate by the Complaint Tribunal in the first instance or the Court upon review. Such bonds may be enforced by a motion in the Court without the necessity of an independent action. The motion for satisfaction of the bond and notice of the motion shall be served upon the sureties if their addresses are known.

In no event shall a stay be granted in cases where the attorney has defended conduct which is the subject of the complaint by asserting mental or physical impairment, except upon a clear and convincing showing of restoration to mental and physical health sufficient to assure the attorney's ability to perform his or her professional responsibilities.

**(9.4)** Upon appeal the Court shall review the entire record and the findings and conclusions of the Complaint Tribunal de novo, and shall render such orders as the Court may find appropriate. Upon the conclusion of any appeal, the Court shall award costs and expenses as in its discretion appears appropriate.

## RULE 10. PLEAS OF NOLO CONTENDERE AND ADMISSIONS

Any time after the filing of the complaint, either the Complaint Tribunal or the Court may in its discretion, accept pleas of nolo contendere and admissions. Upon acceptance, the proceedings may terminate, but nothing contained herein shall prevent the further receipt of evidence for purposes of determining the final disposition to be made under Rule 8 of these rules.

## Procedure

**(10.1) Submission and Effect.** The entity to which pleas, admissions or irrevocable resignations are submitted shall direct what proceedings, if any, shall be had thereafter. If the Tribunal enters an opinion and judgment based upon a plea of nolo contendere or admission, the sole question to be presented by any appeal shall be the extent or absence of discipline.

**(10.2) Pleas of Nolo Contendere.** Such pleas need not address the factual matters alleged in the complaint. If accepted, a plea of nolo contendere shall be considered tantamount to proof of guilt on the matters charged for purposes of determining the discipline to be imposed or the disposition to be made.

**(10.3) Admissions.** Admissions shall fully address the factual matters alleged in the complaint, shall set out that the attorney could not defend himself on the matters admitted, and that the attorney submits to discipline on the matters admitted.

**(10.4) Acceptance.** Acceptance of a nolo contendere plea or an admission shall be discretionary. Such discretion shall include the right to accept a nolo contendere plea of the complaint and admission to the remainder.

**(10.5)** The purpose of Rules 10.1 through 10.4 of these rules is to provide a prompt, speedy, knowledgeable, and just disposition of any disciplinary matter.

## RULE 11. RESIGNATION

(a) An attorney who has a complaint filed against the attorney may tender to the Court or to the Complaint Tribunal an irrevocable resignation.

(b) An attorney who is a member of the Bar in good standing may, under oath, petition to the Court for leave to resign from the privilege of practicing law in the State of Mississippi. Upon acceptance of the petition by the Court, the attorney shall not practice law in the State of Mississippi or be entitled to any privileges and benefits accorded to active members of the Bar in good standing.

## Procedure

**(11.1) Irrevocable Resignation.** An attorney may tender an irrevocable resignation to either the Court or the Complaint Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Complaint Tribunal shall enter its order accepting the resignation, revoking the attorney's license, and barring forever thereafter the attorney's right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action and the resignation shall be considered tantamount to the proof of guilt on the matters charged. Jurisdiction remains with the Court and its designated disciplinary agencies to pursue complaints against the former attorney for conduct which occurred prior to the effective date of the attorney's irrevocable resignation.

### (11.2) Resignation While in Good Standing.

(a) The petition for leave to resign while in good standing shall be filed under oath with the Court and shall contain a statement that there are no disciplinary actions or criminal proceedings pending against the petitioner and that the petitioner is a member in good standing of the Bar. A copy of the petition shall be served upon the Office of General Counsel.

(b) The Office of General Counsel, within ten (10) days after being served with the petition, shall certify in writing to the Court whether the petitioner is an active member in good standing with the Bar and whether the petitioner is under disciplinary investigation by any designated disciplinary agency of the Court, or has a complaint pending against the attorney.

(c) The petition may be granted if the petitioner is an active member in good standing and has no pending disciplinary investigation, complaint, or charge. No petition for leave to resign while in good standing shall be accepted if there are disciplinary proceedings or criminal charges pending against the petitioner or if the petitioner is not a member in good standing.

(d) After the effective date of the resignation while in good standing, in order to be reinstated, the former attorney must comply with the rules governing admission to the practice of law in the State of Mississippi, including the examination requirement set forth in Rule 4, Section 9 of the Rules Governing Admission to the Mississippi Bar.

(e) Upon the effective date of the resignation while in good standing, the former attorney shall comply with the requirements of Rule 14 of these rules.

(f) Jurisdiction remains with the Court and its designated disciplinary agencies to pursue grievances and complaints against the former attorney for conduct which occurred prior to the effective date of the attorney's resignation while in good standing.

## RULE 12. EFFECT OF SUSPENSION, DISBARMENT, IRREVOCABLE RESIGNATION, INCAPACITY, OR DEATH

(a) Orders of suspension or disbarment shall be effective thirty (30) days following the filing of such an order, unless the Complaint Tribunal or the Court determines immediate suspension or disbarment is required to protect the public from additional harm.

(b) An appeal shall operate as a supersedeas except as to any judgment of disbarment or suspension entered for six (6) months or more. Except as provided in Rule 9.3, a person disbarred or suspended shall not be permitted to practice law until restored to that privilege by the Court by way of an appeal or petition for reinstatement.

(c) A suspended attorney may, at the discretion of the Complaint Tribunal or the Court, be placed on probation or specified terms. The terms may include the ability to practice law while on suspension.

(d) A disbarred, suspended, or irrevocably resigned attorney shall, in writing: (1) notify all current clients of the attorney's disbarment, suspension, or resignation and the attorney's consequent inability to act as an attorney after the effective date of his disbarment, suspension, or resignation; (2) notify each adverse party involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings, of his disbarment, suspension, or irrevocable resignation and consequent inability to act as an attorney after the effective date of the attorney's disbarment, suspension,

or irrevocable resignation; (3) advise each client promptly to substitute other counsel in the attorney's place or to seek legal advice elsewhere; (4) notify all affected courts and agencies of the attorney's disbarment, suspension, or irrevocable resignation and consequent inability to act as an attorney after the effective date thereof; and (5) give such other notice as the disciplinary agency last having jurisdiction may direct in the public interest.

(e) In the event of irrevocable resignation, disbarment, or suspension, receivers may be appointed by the Complaint Tribunal for the limited purpose of making an inventory and disposing of the attorney's files, cases and practice. Neither receivers nor their associates shall be permitted to become counsel for any parties in the cases and files inventoried, but they shall be permitted to take such actions as appear necessary to protect the interests of the clients with pending cases and the interests of the attorney. The Complaint Tribunal shall receive and review reports from the receivers.

(f) The Office of General Counsel shall monitor compliance with the terms of any probation, suspension, disbarment, or irrevocable resignation. As necessary, the Office of General Counsel shall file motions for contempt for failure of an attorney to comply with such orders. Such motions shall be heard by the Complaint Tribunal assigned to original discipline matter. If no Complaint Tribunal has been assigned, or if the originally-assigned Complaint Tribunal is no longer presiding, the Clerk of the Court shall assign a Complaint Tribunal to hear the contempt matter.

(g) Failure to comply with any order of discipline may be punished as a contempt and may constitute a separate ground for disciplinary action. Additionally, failure to comply with any order of discipline may be considered in any petition for reinstatement that may be filed.

(h) Whenever an attorney has been transferred to inactive disability status, or disappears or dies, and no partner, or other responsible party capable of conducting the attorney's affairs is known to exist, the chancery court of proper jurisdiction, upon proper proof of the fact, may appoint an attorney or attorneys as receivers to inventory the files of the inactive, missing or deceased attorney and to take such actions as seems indicated to protect the interests of the clients of the inactive, missing, or deceased attorney and to generally carry out the functions described in Rule 12(d) of these rules. The duly-appointed administrator of an estate shall be considered to be a responsible party for purposes of this rule.

(i) Any attorney appointed receiver under this rule shall not be permitted to disclose any information contained in any files inventoried without the consent of the client to whom such file relates, except as necessary to carry out the orders of the appointing agency or court.

24

# Procedure

**(12.1) Notice to Be Given and Action to Be Taken.** When an order of disbarment, or an order of suspension for an indefinite period, or a suspension without probation, or a determination of incapacity, or an irrevocable resignation, or proof of death is entered, the receivers, either with or without assistance from the suspended, disbarred, or irrevocably resigned attorney, shall immediately take such action as may be necessary to protect the interests of the clients of the subject attorney. This action shall include, but need not be limited to, giving notice that the attorney is disqualified to all clients in pending cases, all courts and agencies affected, all co-counsel in pending cases, and all opposing counsel in pending matters, or, in the absence of such counsel, the opposing parties. The receivers shall offer to deliver, and where appropriate, shall deliver, to all clients being represented in pending matters, any papers or any other property to which the clients are entitled and shall notify the clients and any counsel representing them of a suitable time and place where the papers or other property may be obtained.

On written motion with notice to the Bar, the Complaint Tribunal or the Court last having jurisdiction of the disciplinary matter involving the attorney shall have broad discretion in allowing the suspended, disbarred, or irrevocably resigned attorney to continue as the attorney of record in a particular case. The attorney, the attorney's client, or other litigants shall have standing to file such a motion.

**(12.2) Questions Pertaining to Closing a Practice.** The receivers shall present to the Complaint Tribunal or the chancery court that appointed the receivers any question upon which direction is needed.

**(12.3) Reports by Receivers.** Upon the closing of a law practice pursuant to this Rule, the receivers shall tender appropriate reports to the Complaint Tribunal or the chancery court that appointed the receivers. Where appropriate or necessary, interim reports shall be tendered.

**(12.4) Law Partners - Continuance of Representation.** If the client agrees, the law partners of a suspended, disbarred, irrevocably resigned, or disabled attorney may continue to represent any client affected by the attorney's suspension, disbarment, irrevocable resignation, or inactive disability status, but notice thereof should be given as set out above.

**(12.5) Costs and Expenses.** Reasonable and actual costs and expenses incurred by the receivers in the closing of the practice of a suspended, disbarred, or irrevocably resigned attorney shall be paid by the Bar. The Bar shall be entitled to recover of and from the suspended, disbarred, or irrevocably resigned attorney.

## RULE 13. REINSTATEMENT

(a)     No person disbarred or suspended for a period of six (6) months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.

(b)     Reinstatement to the practice of law following any suspension shall be only upon proof of compliance with any such sanctions.

(c)     Reinstatement to the practice of law following an attorney's transfer to disability inactive status is governed by Rule 24 of these Rules.

(d)     An attorney who has been disbarred for conviction of a felony criminal offense which conviction occurred after April 4, 2002, in a court of this state or any other state, or a court of the United States for any felony crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, the sale or distribution of a controlled substance, or an attempt, conspiracy or solicitation of another to commit such a crime, shall be ineligible for reinstatement to the practice of law.

(e)     An attorney who has been disbarred based on an underlying civil judgment pursuant to Rule 6(c) and (d) of these Rules shall be ineligible for reinstatement to the practice of law.

### Procedure

**(13.1) Disbarments.**   The petition for reinstatement shall not be filed until five (5) years after the date the order of disbarment became final.

**(13.2) Suspensions.** A petition for reinstatement shall be required in all cases of suspension for a period of six (6) months or more. In cases of suspension

26

pending satisfaction of conditions precedent, reinstatement shall not be permitted except upon proof that the conditions have been met.

**(13.3) Suspensions - Revocation of Probation.** Probation may be revoked upon clear and convincing proof that the attorney has failed to meet the terms of the probation. It shall be the duty of the Office of General Counsel to monitor such suspensions with probation, to receive any reports which the attorney may be required to submit, and to take such action as may be appropriate in the circumstances.

**(13.4) Suspensions - Time for Filing Petitions for Reinstatement.** A suspended attorney shall not file a petition for reinstatement until the expiration of the period of suspension and all conditions precedent are met.

**(13.5) Examination Requirements.** No sooner than six (6) months prior to the time of eligibility for reinstatement of an attorney suspended for six (6) months or longer, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve the score required for admission of new attorneys to the Bar. No sooner than six (6) months prior to the time of eligibility for reinstatement, a disbarred attorney shall be required to take and pass the complete Bar examination administered by the Mississippi Board of Bar Admissions and achieve the score required for admission of new attorneys to the Bar and the Multi-State Professional Responsibility Exam with the score required for admission of new attorneys to the Bar.

**(13.6) Effect - Adverse Determination.** If a petition for reinstatement is denied or otherwise dismissed, no other petition shall be filed until one (1) year after the date of the prior adverse decision.

**(13.7) Contents of Reinstatement Petitions.** All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss or other harm due to the improper conduct, demonstrate the making of full amends and restitution, give specific reasons justifying reinstatement, and discuss in detail the attorney's rehabilitation of the requisite moral character and legal learning to be reinstated to the privilege of practicing law. Upon filing, the petition shall be served upon the Bar, and an investigatory fee of $1,000.00 shall be paid to the

Bar, in addition to any other sum due the Bar. The matters set out in this paragraph are mandatory for inclusion in the reinstatement petition.

**(13.8) Board of Commissioners of the Bar.** Upon receipt of the reinstatement petition, the Office of General Counsel shall commence investigation within thirty (30) days. Upon completion of the investigation or within one-hundred-twenty (120) days from the commencement of the investigation, whichever occurs first, the Board of Bar Commissioners shall fully answer the petition. The Board shall determine, based upon the Office of General Counsel's investigation, whether the Bar supports, or objects to, the attorney's reinstatement. Upon filing of the Bar's answer, the proceedings shall continue as the Court may direct, and the Court, in its discretion, may grant or deny the petition as circumstances and justice require.

**(13.9) Matter of Public Record.** All petitions for reinstatement shall be matters of public record, Rule 16 of these Rules notwithstanding.

## RULE 14. RECIPROCAL DISCIPLINE

(a) Upon being disciplined in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall forthwith, but no later than fifteen (15) days upon the imposition of such discipline, provide the Office of General Counsel a certified copy of the discipline. Failure to provide the certified copy forthwith shall, upon petition by the Office of General Counsel, result in the immediate suspension of the attorney pending final resolution by the Court. The three (3) year limitations period provided in Rule 4(d) of these Rules shall not begin to run until the Bar has been given written notice of the discipline imposed by a Bar or court of another jurisdiction.

(b) Upon notification from any source that an attorney admitted to practice in the State of Mississippi has been disciplined in another jurisdiction, the Office of General Counsel shall obtain a certified copy of the order and file it with the Court. A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi. The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction.

28

## Procedure

**(14.1)** Upon receipt by the Office of General Counsel of a certified copy of an order that an attorney admitted to practice in the State of Mississippi has been disciplined in another jurisdiction, the Office of General Counsel shall present certified copies to the Court by filing a complaint and serving it upon the attorney wherein the sole issue in a disciplinary case shall be the extent of final discipline to be imposed on the attorney in the State of Mississippi, which discipline may be less or more severe than the discipline imposed by the other jurisdiction. Service upon a resident attorney shall be made consistent with Mississippi Rule of Civil Procedure 4(c). Service upon a non-resident attorney shall be made consistent with Rule 17 of these Rules. The attorney may file an answer to the complaint within thirty (30) days of service of the complaint.

**(14.2)** The Court shall impose discipline upon the attorney unless the attorney demonstrates or the Court finds that it clearly appears upon the face of the record from which the discipline is predicated that:

> (a)  The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

> (b)  There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

> (c)  The discipline imposed would result in grave injustice or be offensive to the public policy of the State of Mississippi.

**(14.3)** The burden shall be upon the attorney seeking different action in the State of Mississippi to demonstrate that the imposition of the same discipline is not appropriate.

# RULE 15. IMMUNITY FROM CIVIL SUIT - RIGHT TO SUE

(a) All grievances filed, statements made, and documents or other tangible things produced pursuant hereto shall be absolutely privileged, and no civil suit predicated therein may be instituted, and each person, firm, association, or legal entity filing such a grievance shall be immune from any civil suit pending thereon. The officers of the Board of Commissioners of the Bar, all of the disciplinary agencies, their assistants, staff, employees, and receivers shall be immune from civil suit for any conduct arising out of the performance of their official duties. Every person shall be immune from civil suit for all evidence or testimony given or submitted in the course of any investigation, investigatory hearing, formal hearing or review proceeding held and conducted under these rules.

(b) In an action separate and distinct from the disciplinary proceedings, the subject attorney may, by petition filed with the Clerk of the Court, seek a finding by the Court or its special master on the issue of malicious prosecution, abuse of process, malicious publication to persons not authorized to receive information pertaining to matters arising under these rules, slander, or libel. If the Court finds or approves a finding by a special master that there appears to or may have been malicious prosecution, abuse of process, defamation of character, slander, or libel, the Court shall enter its order granting the right to sue, notwithstanding the immunity provided above. Such finding and right to sue shall constitute only a right to commence an action, not an adjudication as to whether or not there was, in fact, a waiver of the immunity provided above, and not a finding upon the merits of any action which the subject attorney may thereafter institute. No action shall be instituted prior to the issuance of the order herein provided. The statute of limitations provided by statute for applicable causes of action shall commence on the date the order is entered.

# RULE 16. CONFIDENTIALITY OF MATTERS
## UNDER THESE RULES - PENALTIES

(a) All disciplinary agencies, their assistants, staff, employees, members of the Bar, court reporters, clerks, and receivers are strictly enjoined to keep and maintain confidential all things arising under these Rules and all proceedings thereon. The subject attorney may make such public statement or disclosure as he or she desires. The period of confidentiality shall end, however, upon the happening of any of the following events: (i) upon the subject attorney making any public statement or disclosure about a proceeding under these Rules; or (ii) a complaint under these Rules is filed with the Clerk of the Court.

30

(b) Disciplinary agencies under these Rules shall have authority to share information with law enforcement officials concerning any alleged violation of any federal or state criminal laws by an attorney. Disciplinary agencies shall also have the authority to share information with all other disciplinary agencies named in these Rules, the Judicial Performance Commission, the Board of Bar Admissions, the Ethics Commission, the Lawyers and Judges Assistance Program and their counterpart disciplinary agencies in other states.

(c) These Rules shall not prohibit any grievant, the subject attorney, or any witnesses from discussing publicly the existence of the proceeding under these Rules or from disclosing any information relating thereto, including the disclosing of any documents involved in the disciplinary proceeding.

(d) Statements made pursuant to Rule 16(c) of these Rules, in whatever form or by whatever means, outside the disciplinary process shall not enjoy the immunity provided in Rule 15 of these Rules.

## RULE 17. JURISDICTION OF NON-RESIDENT ATTORNEYS - NOTICE - SERVICE

(a) The acceptance by a non-resident attorney of the rights and privileges of the license to practice law in the State of Mississippi or admission pro hac vice, shall be deemed equivalent to an appointment by the non-resident attorney of the Executive Director of the Bar to be the attorney's true and lawful attorney, upon whom may be served all process, summons, or notice of any and all proceedings against the attorney instituted pursuant to and conducted under these Rules. Acceptance of the rights and privileges of the license to practice law in the State of Mississippi or admission pro hac vice by a non-resident attorney in the State of Mississippi shall constitute the attorney's agreement that process, summons, or notice against the attorney which is so served shall have the same legal force and validity as if served personally.

(b) Notice of the service of process, summons, or notice, together with a copy of any grievance or complaint, shall be mailed forthwith by the Executive Director of the Bar by United States certified mail, return receipt requested, with postage pre-paid, to the non-resident attorney at the attorney's address as is registered with the Bar under Rule 1 of these Rules or with the Court upon admission pro hac vice, or to the address registered with the attorney's home state or local bar.

31

(c) When process, summons, or notice is given as herein provided, and return receipt, or refusal, or failure to claim, is filed, it shall be deemed sufficient to give the Court and its disciplinary agencies jurisdiction over the non-resident attorney for the purpose of investigating and finally determining any grievance or complaint touching upon the professional conduct or conduct evincing unfitness for the practice of law or the personal incapacity to practice law of the non-resident attorney.

## PART TWO. PROCEEDINGS IN WHICH AN ATTORNEY IS DECLARED TO BE INCOMPETENT OR ALLEGED TO BE INCAPACITATED

## RULE 18. INCAPACITY DEFINED

For purposes of Rules 18 through 24, the term "incapacitated" shall include (a) suffering from mental or physical illness of such nature as to render the person afflicted incapable of managing himself, his affairs, or the affairs of others with the integrity and competency requisite for the proper practice of law; or (b) habitual use of alcoholic beverages, or liquids of any alcoholic content, hallucinogens, sedatives, drugs, narcotics or other mentally or physically disabling substance of any character whatsoever to any extent which impairs or tends to impair the ability to conduct efficiently and properly the affairs undertaken for a client in the practice of law.

## RULE 19. INVOLUNTARY COMMITMENT OR ADJUDICATION OF INCOMPETENCY

If an attorney has been judicially declared incompetent, or is involuntarily committed on the grounds of incompetency or disability, the Court or a Complaint Tribunal, upon proper proof of the fact, shall enter an order immediately transferring the attorney to disability inactive status for an indefinite period until further order of the Court or a Complaint Tribunal. A copy of the order shall be lawfully served in accordance with Rule 4(d)(2)(B) or (C), Mississippi Rules of Civil Procedure. The judge of any court within this state shall have the affirmative duty to send a certified copy of the order declaring the attorney incompetent or involuntarily committing the attorney on the grounds of incompetency or disability to the Office of General Counsel within ten (10) days after entry of such order.

32

# RULE 20. INABILITY TO PROPERLY DEFEND

If an attorney in responding to allegations in the course of a formal disciplinary proceeding alleges an inability to assist in the defense due to mental or physical incapacity, the Court or a Complaint Tribunal shall immediately transfer the attorney to disability inactive status pending the proceedings to be held pursuant to Rule 21 of these Rules.

If the Court or a Complaint Tribunal determines the claim of inability to defend is valid, the disciplinary proceeding shall be deferred and the attorney retained on disability inactive status until the Court subsequently considers a petition for transfer of the attorney to active status.

If the Court or Complaint Tribunal determines the claim of incapacity to defend to be invalid, the disciplinary proceedings shall resume.

The attorney bears the burden of proving inability to assist in the defense due to mental or physical incapacity.

# RULE 21. PROCEEDINGS TO DETERMINE INCAPACITY AND RECIPROCAL DISABILITY INACTIVE STATUS

(a) Information relating to an attorney's physical or mental condition which adversely affects the attorney's ability to practice law shall be investigated and where warranted, shall be the subject of formal proceedings to determine whether the attorney shall be transferred to disability inactive status. The hearings shall be conducted before a Complaint Tribunal in the same manner as disciplinary proceedings, including appeals, except that the hearings to determine incapacity shall be confidential.

The Complaint Tribunal shall provide for such notice to the attorney of proceedings in the matter in accordance with Rule 4(d)(2)(B) or (C), Mississippi Rules of Civil Procedure. The Complaint Tribunal may take or direct whatever action it deems necessary or proper to determine whether the attorney is so incapacitated, including referral to the Lawyers and Judges Assistance Program to obtain an examination by medical experts approved by the Lawyers and Judges Assistance Program and to report to the Complaint Tribunal. The costs of such investigation and examination shall be borne by the attorney.

If the Complaint Tribunal, upon due consideration, concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order transferring the attorney to disability inactive status for an indefinite period and until further order of the Court. The order shall also require the attorney to sign a contract with the Lawyers and Judges

Assistance Program for treatment referral and monitoring as determined appropriate by Lawyers and Judges Assistance Program. Any pending disciplinary proceedings against the attorney shall be held in abeyance.

(b) Upon being transferred to disability inactive status in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall within thirty (30) days of transfer to disability inactive status provide the Office of General Counsel a certified copy of the transfer.

(c) Upon notification from any source that an attorney admitted to practice in the State of Mississippi has been transferred to disability inactive status in another jurisdiction, the Office of General Counsel shall obtain a certified copy of the transfer and file it with the Court. A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi should be transferred to disability inactive status shall establish conclusively the disability for purposes of a disability proceeding in the State of Mississippi. The Court shall transfer the attorney to disability inactive status unless the attorney demonstrates or the Court finds that the reason for the original transfer no longer exists. The burden shall be upon the attorney to demonstrate that the reason for the original transfer to disability status no longer exists.

## RULE 22. TRANSFER TO DISABILITY INACTIVE STATUS A MATTER OF PUBLIC RECORD

The transfer of an attorney to disability inactive status shall be a matter of public record. Documents relating to medical evidence or other personal information regarding the attorney shall remain confidential.

## RULE 23. ATTORNEY TRANSFERRED TO DISABILITY INACTIVE STATUS NOT PERMITTED TO PRACTICE LAW

An attorney transferred to disability inactive status shall not be permitted to practice law until restored to the privileges by order of the Court.

## RULE 24. REINSTATEMENT FROM DISABILITY INACTIVE STATUS

(a) No attorney transferred to disability inactive status may resume active status except by order of the Court. An attorney transferred to disability inactive status is entitled to petition for transfer to active status once a year or at whatever shorter intervals the Court or

Complaint Tribunal may direct in the order transferring the attorney to disability inactive status or any modifications thereof.

(b) Procedures for reinstatement of an attorney transferred to disability inactive status shall be, insofar as is applicable, the same as the procedure for reinstatement of an attorney following suspension upon disciplinary grounds. The petition for reinstatement shall be filed with the Clerk of the Court, and a copy shall be served upon the Bar. An investigatory fee of $1,000.00 shall be paid to the Bar in addition to any other sum due to the Bar. The petition shall include a status report from the Lawyers and Judges Assistance Program regarding the attorney's treatment, monitoring, and compliance. In addition, the attorney shall obtain an examination by a medical expert approved by the Lawyers and Judges Assistance Program specifically addressing the removal of the attorney's disability and include the report with the petition. The expense of the examination shall be borne by the attorney.

(c) Upon receipt of the reinstatement petition, the Office of General Counsel shall commence investigation within thirty (30) days. Upon completion of the investigation or within one hundred twenty (120) days from the commencement of the investigation, whichever occurs first, the Board of Bar Commissioners shall fully answer the petition. The Bar shall determine, based upon the Office of General Counsel's investigation, whether the Bar supports or objects to the attorney's reinstatement. Upon filing of the Bar's answer, the proceedings shall continue as the Court may direct and the Court, in its discretion, may grant or deny the petition as circumstances and justice require. Upon granting the petition for reinstatement, the Court shall reinstate any pending disciplinary matters that were held in abeyance upon the attorney's transfer to disability inactive status. Pending final resolution of any such disciplinary matters, the Court may, upon motion of the Bar, place the attorney on interim suspension.

# PART THREE. MISCELLANEOUS

## RULE 25. TIME - GENERALLY NOT JURISDICTIONAL

References to time within these rules and procedural sections are directory and not jurisdictional. Time limitations are administrative, not jurisdictional; however, the time for filing appeals or seeking reinstatement shall be jurisdictional. Failure to observe directory time intervals may result in contempt of the disciplinary agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding.

35

# RULE 26. COSTS AND EXPENSES

(a) The Committee on Professional Responsibility may assess the actual, reasonable costs and expenses of investigation of any grievance incurred by the Bar against a subject attorney. Such costs and expenses shall include, without limitation, copy costs and expenses, postage, travel expenses, court reporter fees, and other out of pocket expenses. Such expenses shall not include costs and expenses for the Office of General Counsel's time. A subject attorney receiving any kind of discipline shall reimburse the Bar for any costs and expenses assessed. Likewise, a Complaint Tribunal or the Court may, upon motion by the Bar, order the subject attorney to reimburse the Bar for the costs and expenses of litigation of a complaint or appeal.

(b) In addition to any costs and expenses assessed or reimbursement ordered in accordance with paragraph (a) of this Rule, the Committee on Professional Responsibility may impose an administrative fee of not less than two-hundred-fifty dollars ($250.00) in any case where a private reprimand or public reprimand is imposed. A Complaint Tribunal or the Court may impose an administrative fee of not less than five hundred dollars ($500.00) in any case where a private reprimand, public reprimand, suspension, disbarment, or probation is ordered.

(c) In any case where costs, expenses, and fees are assessed or ordered to be reimbursed, they shall be paid to the Mississippi Bar.

(d) An attorney exonerated of the charge may recover from the Bar any sums actually paid to the Bar and costs paid to the Clerk of the Court or for service of process in this State. The attorney shall recover no other costs or expenses.

# RULE 27. PRESERVATION OF EVIDENCE

Proceedings to preserve evidence may be initiated by the Office of General Counsel at any time independently of pleas of guilty, pleas of nolo contendere, convictions, or imposition of discipline in any jurisdiction.

# RULE 28.  SUBPOENA PURSUANT TO LAW OF ANOTHER JURISDICTION

Whenever a subpoena is sought in the State of Mississippi pursuant to the law of another jurisdiction for use in attorney discipline or disability proceedings, and where the issuance of the subpoena has been duly approved under the law of the other jurisdiction, the Clerk of the Court, upon request from the Office of General Counsel, and for good cause, may issue a subpoena as provided in this Rule to compel the attendance of witnesses and production of documents in the county where the witness resides or is employed or elsewhere as agreed by the witness.  Service, enforcement, or challenges to this subpoena shall be as provided in the Mississippi Rules of Civil Procedure.

# RULE 29.  REPEALER AND SEVERABILITY

(a) From and after the adoption of these Rules, all other Rules or statutes pertaining to attorney disciplinary proceedings shall be superseded by these Rules.

(b) If any of these Rules or sections, or any part thereof, are declared to be unconstitutional or void, or if for any reason are declared to be invalid or of no effect, the remaining parts shall be in no manner affected thereby but shall remain in full force and effect.

(c) Unless the contrary intent shall clearly appear in every amendment hereinafter made, each and every amendment to these Rules shall be read and construed as an integral part of these Rules.